UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Advanced Energy Economy, et al., | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 22-1018 |
| | ) | |
| Federal Energy Regulatory | ) | |
| Commission, | ) | |
| Respondent. | ) | |

**PETITIONERS' MOTION FOR LEAVE TO
AMEND JOINT PETITION FOR REVIEW AND REQUEST FOR
EXPEDITED RULING**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Circuit Rule 27, ADVANCED ENERGY ECONOMY, CLEAN ENERGY BUYERS ASSOCIATION, ENERGY ALABAMA, GEORGIA INTERFAITH POWER AND LIGHT, NATURAL RESOURCES DEFENSE COUNCIL, NORTH CAROLINA SUSTAINABLE ENERGY ASSOCIATION, PARTNERSHIP FOR SOUTHERN EQUITY, SIERRA CLUB, SOLAR ENERGY INDUSTRIES ASSOCIATION, SOUTHERN ALLIANCE FOR CLEAN ENERGY, SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, SOUTHFACE ENERGY INSTITUTE, and VOTE SOLAR (collectively, "Petitioners") jointly move the Court for leave to amend their joint petition for review previously filed in this proceeding ("Joint Petition for Review"). Petitioners' Proposed Amended Joint

Petition for Review is included as Attachment A. In support of their motion, Petitioners state as follows:

## **GROUNDS FOR RELIEF SOUGHT**

At issue in Petitioners' Joint Petition for Review is a series of interrelated orders issued by the Federal Energy Regulatory Commission ("Commission"), all of which pertain to the Southeast Energy Exchange Market ("SEEM"), a new wholesale energy trading platform proposed by several transmission-owning utilities located in the Southeast United States and filed with the Commission pursuant to Section 205 of the Federal Power Act.

The utilities' proposal sought separate effective dates for the SEEM Agreement (which sets forth the membership, governance, and market rules for the new trading platform) and for the utilities' proposed revisions to their Open Access Transmission Tariffs (which would restrict access to a new zero-dollar transmission service to SEEM participants). ECF Doc. No. 1934430 at 7-8. *See also* Statement of Chairman Glick, Docket Nos. ER21-111-002, *et al.* at PP 16-18 (Oct. 20, 2021), FERC Accession No. 20211020-4002. On October 13, 2021, the Commission issued a notice that it had failed to act on the SEEM Agreement due to a deadlock vote as to its lawfulness, and on November 8, 2021, the Commission issued an order accepting the proposed tariff revisions. ECF Doc. No. 1934430 at 7-8. In their pending Petition for Review, Petitioners noted that two of their

2

requests for rehearing regarding the Commission orders pertaining to both the SEEM Agreement and the tariff revisions had been denied by operation of law, with the Commission noting its intent to address both rehearing requests in a future order. *Id.*

On March 16, 2022, the Commission requested an abeyance of Petitioners' appeal, citing its intent to issue further orders on rehearing in the underlying Commission proceedings, which was granted by this Court on March 29, 2022. On March 24, 2022, the Commission issued two orders responding to arguments raised by Petitioners on rehearing and reaching the same result. The first order confirmed its decision rejecting the Petitioners' rehearing requests regarding the SEEM Agreement as untimely. *Alabama Power Co., on behalf of Georgia Power Company, Mississippi Power Company, Dominion Energy South Carolina, Inc., Duke Energy Carolinas, LLC, Duke Energy Progress, LLC, Louisville Gas & Electric Company, and Kentucky Utilities Company*, Order Addressing Arguments Raised on Rehearing, Docket Nos. ER21-1111-005, ER21-1112-005, ER21-1114-005, ER21-1116-005, ER21-1117-005, ER21-1119-005, ER21-1120-005, ER21-1121-005, 178 FERC ¶ 61,196 (Mar. 24, 2022). The second order modified the discussion of the Commission's November 8, 2021 Order accepting the utilities' proposed revisions to their Open Access Transmission Tariffs and confirmed rejection of Petitioners' request for rehearing. *Duke Energy Progress, LLC, Duke*

3

*Energy Carolinas, LCC, Louisville Gas and Electric Co., Alabama Power Co., Dominion Energy South Carolina, Inc.*, Docket Nos. ER21-1115-003, ER21-1118-003, ER21-1125-003, ER21-1128-003, 178 FERC ¶ 61,195 (Mar. 24, 2022).

In addition to the orders for which Petitioners have initially sought review, in response to question 6(g) on its Docketing Statement, Petitioners noted the existence of an additional matter before the Commission with substantially the same issues as those before the Court in the present appeal. ECF Doc. No. 1938807 at 9. This matter involves revisions made to the SEEM Agreement by its sponsoring utilities as part of commitments they made to the Commission as part of the initial proceedings in Docket No. ER21-1111-000 *et al.* These revisions were approved by the Commission on January 21, 2022. *Alabama Power Co., on behalf of Georgia Power Company, Mississippi Power Company, Dominion Energy South Carolina, Inc., Duke Energy Carolinas, LLC, Duke Energy Progress, LLC, Louisville Gas & Electric Company, and Kentucky Utilities Company*, Order Accepting Tariff Revisions, Docket No. ER22-476-000, 178 FERC ¶ 61,048 (Jan. 21, 2022). Petitioners' Docketing Statement noted that Petitioners had a pending rehearing request before the Commission regarding its January 21, 2022 order approving the SEEM Agreement revisions. ECF Doc. No. 1938807 at 9. On March 21, 2022, Petitioners' request for rehearing of the Commission's January 21 order approving the revisions to the SEEM Agreement

4

was denied by operation of law. *Alabama Power Co., on behalf of Georgia Power Company, Mississippi Power Company, Dominion Energy South Carolina, Inc., Duke Energy Carolinas, LLC, Duke Energy Progress, LLC, Louisville Gas & Electric Company, and Kentucky Utilities Company*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, Docket No. ER22-476-001 (Mar. 21, 2022), FERC Accession No. 20220321-3021.

Petitioners seek to amend their already-filed Joint Petition for Review in order to bring before the Court for review the Commission orders pertaining to this matter issued subsequent to Petitioners' initial filing, namely: the January 21, 2022 Order; the March 21, 2022 Notice; and two March 24, 2022 Orders. This route appears to be contemplated by several decisions of this Court. *See Alaska Airlines, Inc. v. C. A. B.,* 545 F.2d 194, 198 (D.C. Cir. 1976) ("ASA and BP thereupon filed with this court motions to amend their petitions for review to include Order 75-8-153, which were granted . . . ."), *San Antonio by City Pub. Svc. Bd. v. United States,* 631 F.2d 831, 834 (D.C. Cir. 1980) ("Subsequently, this court granted the parties' motions to amend their petitions for review of the San Antonio II decision to include the Commission's decision in San Antonio III."); Order, *Belmont Municipal Light Dept., et al. v. FERC*, No. 19-1224, ECF Doc. No. 1865485 (D.C. Cir. Oct. 8, 2020) (granting motion for leave to amend petitions for review).

5

Efficiency commends this route. Filing a new petition for review and motion to consolidate that petition entails significant costs and resources for Petitioners, as well as the Court. Further, the certified index to the record has not yet been filed, nor is briefing before the Court underway, and the issues set forth in the original Joint Petition for Review have not been changed by the January 21, 2022 Order; the March 21, 2022 Notice; or the March 24, 2022 Orders. In light of these circumstances, amendment of Petitioners' Joint Petition for Review would neither unduly burden the Court nor expand the issues raised in our initial appeal. Amending the original Joint Petition for Review would thus conserve judicial resources as it would enable the Court to review the entirety of the proceedings before the Commission without the administrative burden of processing new petitions for review and consolidation.

Petitioners do have an alternative route to judicial review in the event that the Court denies leave to amend Petitioners' pending Joint Petition for Review to incorporate review of the Commission's January 21, 2022 Order; the March 21, 2022 Notice; and the March 24, 2022 Orders. That alternative would be to file new petitions for review of the January 21, 2022 Order; the March 21, 2022 Notice; and the March 24, 2022 Orders within the sixty-day period provided by Section 313(b) of the Federal Power Act (16 U.S.C. § 825l(b)), and then move to consolidate proceedings on the new petitions for review with this proceeding. The

deadline for filing new petitions for review of the Commission's January 21, 2022 Order and March 21, 2022 Notice is May 20, 2022. *See Cities of Batavia, et al. v. FERC*, 672 F.2d 64, 72–73 (D.C. Cir. 1982). The deadline for filing new petitions for review of FERC's March 24, 2022 Orders is May 23, 2022. Thus, if the Court denies leave to amend their currently pending Joint Petition for Review, Petitioners would be required to file a new consolidated joint petition for review by May 20, 2022.

Petitioners have contacted counsel for the Commission, which takes no position on this motion.

## REQUEST FOR EXPEDITED RULING

This is not an Emergency Motion within the contemplation of Circuit Rule 27(f). This motion is nonetheless time-sensitive given the limitations of the sixty-day period for seeking judicial review under Section 313(b) of the Federal Power Act, as discussed above. Petitioners therefore respectfully request that the Court (or the Clerk, if appropriate under Circuit Rule 27(e)(1)), rule on this Motion in sufficient time to permit Petitioners to pursue the filing of new petitions for review by the May 20, 2022 expiration date of the period provided for such filings by Section 313(b) of the Federal Power Act.

# **CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that their motion be granted, and that the Court approve Petitioners' attached Proposed Amended Joint Petition for Review, which incorporates requests for review of the Commission's January 21, 2022 Order Accepting Tariff Revisions; March 21, 2022 Notice of Denial of Rehearing by Operation of Law; and March 24, 2022 Orders Addressing Arguments on Rehearing.

Respectfully submitted,

*/s/ Frank W. Rambo*
Frank W. Rambo
Southern Environmental Law Center
201 West Main St, Suite 14
Charlottesville, VA 22902
(424) 977-4090
frambo@selcva.org

Maia Hutt
Southern Environmental Law Center
601 West Rosemary St, Suite 220
Chapel Hill, NC 27516
(919) 967-1450
mhutt@selcnc.org

*Counsel for Energy Alabama, Georgia Interfaith Power and Light, North Carolina Sustainable Energy Association, Partnership for Southern Equity, Sierra Club, Southern Alliance for Clean Energy, South Carolina Coastal Conservation League, Southface Energy Institute, Vote Solar*

*/s/ Danielle C. Fidler*
Danielle C. Fidler
Earthjustice
1001 G Street, NW, Suite 1000

Washington, DC 20001
(202) 667-4500
dfidler@earthjustice.org

Aaron Stemplewicz
Earthjustice
1617 John F. Kennedy Blvd. Suite 1130
Philadelphia, PA 19103
(917) 628-7411
astemplewicz@earthjustice.org

John N. Moore
Natural Resources Defense Council
20 North Wacker Street, Suite 1600
Chicago, Illinois 60201
(312) 651-7927
jmoore@nrdc.org

Caroline Reiser
Natural Resources Defense Council
1152 15th St. NW #300
Washington, DC 20005
(202) 717-8341
creiser@nrdc.org

*Counsel for Natural Resources Defense Council*

*/s/ Heather Curlee*
Heather Curlee
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Ave, Suite 5100
Seattle, WA 98104
(206) 883-2500
hcurlee@wsgr.com

*Counsel for Solar Energy Industries Association and Clean Energy Buyers Association*

*/s/ Jeffery S. Dennis*
Jeffery S. Dennis

Advanced Energy Economy
1010 Vermont Ave. NW
Washington, D.C. 20005
(202) 380-1950
jdennis@aee.net

*Counsel for Advanced Energy Economy*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains less than 5,200 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this filing has been prepared in Times New Roman 14-point font using Microsoft Word.

                                                 */s/ Maia Hutt*
                                                 Maia Hutt
                                                 Southern Environmental Law Center

DATED: May 5, 2022

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Petitioners' Motion for Leave to Amend Joint Petition for Review and Request for Expedited Ruling with the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on May 5, 2022, and that all parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system.

/s/ Maia Hutt
Maia Hutt
Southern Environmental Law Center

DATED: May 5, 2022